UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA FARRELL,

        Plaintiff,

vs.                      Case No.  2:06-cv-454-FtM-99SPC

DON HUNTER; JOSEPH BASTYS; PRISON
HEALTH SERVICES, INC.,

        Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of the Motion
to Dismiss (Doc. #14) filed on behalf of defendants Hunter and
Bastys on September 29, 2006, and the Motion to Dismiss (Doc. #19)
filed on behalf of defendant Prison Health Services, Inc. on
October 11, 2006.[1]  On October 23, 2006, Plaintiff filed a response
to the defendants' respective motions (Doc. #24).  This matter is
now ripe for review.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must
accept all factual allegations in a complaint as true and take them
in the light most favorable to the plaintiff.  Christopher v.
Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334,

_____

[1]Defendant Prison Health Services, Inc. attached documents to
their Motion to Dismiss, including what appears to be Plaintiff's
entire medical file.  However, Defendant did not file a Motion for
Summary Judgment, so the Court does not rely on these attached
documents.

1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests.  Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).

The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n.16.

-2-

**II.**

On September 5, 2006, Plaintiff, who is currently incarcerated at the Collier County Jail, filed a civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for defendants' deliberate indifference to Plaintiff's medical condition. (Doc. #1 at 1.)

The Complaint names the following defendants in their official capacity: Don Hunter, sheriff of Collier County, stating that defendant Hunter "is in charge of all aspects of operations at the Collier County Jail including approving or setting policy for provision of medical services to inmates;" Joseph Bastys, deputy sheriff of Collier County, stating that defendant Bastys "is charged by defendant Hunter with responsibility for conducting the operations of the Collier County Jail including approving or setting policy for provision of medical services to inmates, or implementing such policy." Additionally, the Complaint names Prison Health Services, Inc. (hereinafter "PHS"), stating that PHS "is engaged by defendant Hunter with the responsibility to monitor the health and provide for the medical needs of Plaintiff." (Id.)

The Complaint sets forth the following facts: On July 22, 2006, Plaintiff began serving a five-month sentence at the Collier County Jail. Plaintiff is due to be released on approximately November 6, 2006. A day before Plaintiff's incarceration, Plaintiff's defense counsel wrote defendant Bastys a letter, advising defendant Bastys of Plaintiff's pre-operative appointment

and scheduled hip replacement surgery. (Doc. #1-2, Exh. 1.) Defendant Bastys advised Plaintiff's defense counsel that she would be allowed to attend her medical appointments. However, Plaintiff was not permitted to attend the appointments and defendant Bastys later informed defense counsel that Plaintiff was not permitted to attend the appointments because the scheduled hip replacement surgery was "elective" and not "life threatening." (Doc. #1 at 3.)

Plaintiff claims she has not been "directly evaluated" by a jail physician, but admits that the jail has provided Plaintiff with an X-Ray and an MRI. (Id.) On August 25, 2006, Plaintiff's defense counsel contacted Ms. Vicki Freeman, of Prison Health Services, requesting that she reconsider the decision and permit Plaintiff to undergo her surgery. As of the date of the Complaint, Defense counsel did not receive a response. (Id. at 4, Doc. #1-2, Exh. 2.)

The Complaint alleges that Plaintiff suffers "chronic, severe, intractable and increasing pain and discomfort," " chronic, severe and increasing lack of mobility," because Plaintiff's "hip joint is now degraded to the point of bone-on-bone contact." Moreover, Plaintiff alleges that further delay the hip replacement surgery "may result in further bone loss thus causing increased difficulties in surgery and rehabilitation." (Doc. #1 at 4.) Although Plaintiff was prescribed pain medications, Plaintiff has not been allowed to take the prescribed pain medication and instead has been provided with Tylenol. (Id. at 5.) Plaintiff states that

her insurance coverage will expire during her present incarceration and without coverage she will be unable to pay for the costs of the procedure.  (Id. at 4.)

As relief, Plaintiff requests the Court enter a "preliminary and permanent mandatory injunction requiring defendants to allow her surgery while incarcerated, together with a judgment for costs and attorney fees."  (Id. at 6.)

**III.**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) defendants deprived her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Marsh, 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Specifically, an inmate must

show that: 1) the prison officials had subjective knowledge of a risk of serious harm; 2) the prison officials disregarded that risk; and 3) the conduct rises above mere negligence. McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999).

Delay of treatment for serious conditions can rise to the level of deliberate indifference where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified. Taylor v. Adams, 221 F.3d at 1259-60 (11th Cir. 2000) (citing Hill v. Dekalb Reg'l Youth Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)); Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997). Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. Farrow v. West, 320 F.3d 1235, 1247 (11th Cir. 2003). A constitutional claim can exist for delayed treatment of a condition that does not require immediate attention. Id. at 1247. Plaintiff can show an Eighth Amendment violation, even if a cure is not possible, if certain treatments eliminate pain and suffering at least temporarily. Washington v. Dugger, 860 F.3d 1018, 1021 (11th Cir. 1988).

## A. Exhaustion of Administrative Remedies

In their respective Motions to Dismiss (Docs. #14, 19), defendants Hunter, Bastys, and PHS argue that Plaintiff failed to exhaust her available administrative remedies as required by the

Prison Litigation Reform Act and therefore the Court should dismiss the Complaint. Title 42 U.S.C. § 1997 (2) provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This requirement applies to all prisoners' suits filed after April 26, 1996. Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126 S. Ct. at 2382; Booth v. Churner, 532 U.S. 731, 739 (2001)). See also Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought – i.e. monetary damages – is available through the administrative procedures).

Defendants have not included the Collier County Jail's administrative procedures as part of the record in this case, and therefore have not established that plaintiff failed to comply with

the administrative remedies available to her.  Thus, this aspect of the Motions to Dismiss must be denied.

### B.  Defendants Hunter and Bastys

Defendants Hunter and Bastys argue that because this action is brought against the defendants in their official capacity, the Court should dismiss the Complaint because it fails to allege a custom, policy, or practice that was the moving force behind the Constitutional violation.  (Doc. #9 at 11.)  Additionally, the defendants argue that with regard to the official capacity claim against defendant Batsys, defendant Batsy's employer, in this case the Collier County Sheriff's Office, is not liable under the theory of *respondeat superior* in § 1983 actions.  The Court finds that the Complaint adequately alleges that Plaintiff experienced pain as a result of defendants Hunter and Batsys' policies directing PHS's provisions of medical care to prisoners.  Thus, at this stage of the proceedings the Court cannot dismiss the Complaint as to defendants Hunter and Batsys.  Ancata v. Prison Health Serv., 769 F.2d 700,704-706 (11th Cir. 1985).

### C.  Defendant Prison Health Services

Defendant PHS argues that the Complaint should be dismissed because the Complaint does not allege that PHS had established a custom or policy that caused Plaintiff's constitutional injury and liability against PHS cannot be based on a theory of *respondeat superior*. (Doc. #19 at 6.)  In Plaintiff's Response (Doc. #24), she

cites <u>Mandel v. Doe</u>, 888 F.2d 783 (11th Cir. 1989) and argues that "the decision to deny proper medical care to Plaintiff and allow her to continue to suffer was made by multiple individuals on behalf of PHS who acted as final policy makers for PHS in this instance." (Doc. #24 at 4.)

As previously discussed, at this stage of the proceedings, the Court will not dismiss the Complaint as to PHS because the Complaint sufficiently alleges that Plaintiff's constitutional injury is a result of the defendants' customs, policies, or practices. The Court cannot find that Plaintiff can prove no set of facts that would entitle her to relief against this defendant. The Complaint states that a PHS's nurse told Plaintiff that her condition was not "life threatening" and provided Plaintiff with Tylenol, instead of her previously prescribed pain medication. The Complaint specifically names Ms. Vicky Freeman, an employee of Prison Health Services, stating that she received a letter from Plaintiff's defense counsel regarding Plaintiff's medical condition.

With respect to the remaining portions of the defendants' respective Motions to Dismiss, the Motions will be denied. To the extent defendants argue that Plaintiff's claim for an injunction is inadequate, these will be resolved in deciding whether to issue a preliminary injunction.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Defendant Hunter and Batsys' Motion to Dismiss (Doc. #14) is **DENIED.**

2.  Defendant Prison Health Services's Motion to Dismiss (Doc. # 19) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida, on this __27th__ day of October, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:  alj
Copies: All Parties of Record

-10-