UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA FARRELL,

            Plaintiff,

vs.                            Case No. 2:06-cv-454-FtM-99SPC

DON HUNTER; JOSEPH BASTYS; PRISON
HEALTH SERVICES, INC.,

            Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiff's Motion for a Preliminary Injunction (Doc. #3) and Second Request for an Emergency Hearing on the Motion for Preliminary Injunction (Doc. #16), filed September 29, 2006.[1] On October 13, 2006, Defendants Bastys and Hunter filed a Response to the Second Request for an Emergency Hearing. (Doc. #20.) Defendant Prison Health Services also filed a Response on October 16, 2006.[2] (Doc. #21.) The Court heard oral argument on October 27, 2006.

    On October 19, 2006, the Court entered an Order (Doc. #22) directing Plaintiff to respond to Defendants' respective Motions to

---

[1] The Court previously dismissed Plaintiff's Motion for Preliminary Injunction (Doc. #3) without prejudice because Plaintiff had failed to provide notice of the Motion to Defendants. Consequently, the Court denied Plaintiff's first Motion for Emergency Hearing as moot.

[2] Additionally, Defendant Prison Health Services attached exhibits, including Plaintiff's jail medical record through September, 2006, to their Motion to Dismiss. (Doc. #19.)

Dismiss (Docs. #14, 19) considering Defendants claimed that Plaintiff did not exhaust her available administrative remedies pursuant to the Prison Litigation Reform Act.  The Court took the Motion for Preliminary Injunction under advisement pending a response.  On October 23, 2006, Plaintiff filed a Response.  On October 27, 2006, the Court held a hearing concerning Plaintiff's Motion for Preliminary Injunction.

Plaintiff, who is currently incarcerated at the Collier County Jail, requests that the Court enter "a preliminary mandatory injunction requiring Defendants to allow Plaintiff immediate surgery and rehabilitation" for her hip condition.  (Doc. #3 at 3.)  Plaintiff asserts that the surgery is needed immediately, and that defendants must administer the prescription medication prescribed prior to her incarceration.  Defendants assert that the over-the-counter pain medication being given is sufficient to control plaintiff's pain, and that the surgery is elective and can properly wait until plaintiff's sentence expires on November 6, 2006.  A more detailed factual summary is set forth in the Opinion and Order (Doc. #27) denying defendants' motion to dismiss.

I.

In the Eleventh Circuit the issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites." Wall v. Ferrero, 142 Fed. Appx. 405, 406 (11th Cir. 2005); see also Four Seasons Hotels

& Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).  The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not harm or do a disservice to the public interest.  Four Seasons Hotels & Resorts, 320 F.3d at 1210; Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1265 (11th Cir. 2001), reh'g and reh'g en banc denied, 275 F.3d 58 (11th Cir. 2001); American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Publ'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931 (1995).  The burden of persuasion for each of the four requirements is upon the movant.  Siegel v. Lenore, 234 F.3d 1163, 1176 (11th Cir. 2000)(*en banc*).

**II.**

The defendants argue that Plaintiff cannot show she will succeed on the merits because she has not exhausted her available administrative remedies pursuant to the Prison Litigation Reform Act.  However, the defendants did not include the Collier County Jail's administrative procedures as part of the record in this case, and therefore have not established that plaintiff failed to comply with the administrative remedies available to her.

Defendants also argue that Plaintiff has failed to show a substantial likelihood of success on her Eighth Amendment claim. A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Specifically, an inmate must show that: (1) the prison officials had subjective knowledge of a risk of serious harm; (2) the prison officials disregarded that risk; and (3) the conduct rises above mere negligence. McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999). To establish an objectively serious deprivation of medical care, a prisoner must establish: (1) an objectively serious medical need, and (2) that the response made to the need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or medical malpractice. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).

A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. Kelley v. Hicks, 400 F.3d 1282, 1284 n.3 (11th Cir. 2005). Defendants do not dispute that plaintiff has a serious medical condition. However, Defendants argue that the issue *sub judice* involves a difference of medical opinion. Where a prisoner receives adequate medical care

but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference. <u>Hamm v. DeKalb</u>, 774 F.2d 1567, 1575 (11th Cir. 1985).  Whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment." <u>Adams v. Poag</u>, 61 F.3d 1537, 1545 (11th Cir. 1995).

Delay of treatment for a serious condition can rise to the level of deliberate indifference where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified. <u>Taylor</u>, 221 F.3d at 1259-60 (11th Cir. 2000) (citing <u>Hill v. Dekalb Reg'l Youth Ctr.</u>, 40 F.3d 1176, 1187 (11th Cir. 1994), <u>overruled on other grounds by</u>, <u>Hope v. Pelzer</u>, 536 U.S. 730, 739 (2002)); <u>Lancaster v. Monroe County, Ala.</u>, 116 F.3d 1419, 1425 (11th Cir. 1997).  Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. <u>Farrow v. West</u>, 320 F.3d 1235, 1247 (11th Cir. 2003).  A constitutional claim can exist for delayed treatment of a condition that does not require immediate attention. <u>Farrow</u>, 320 F.3d at 1247.  Plaintiff can show an Eighth Amendment violation, even if a cure is not possible, if certain treatments eliminate pain and suffering at least temporarily. <u>Washington v. Dugger</u>, 860 F.2d 1018, 1021 (11th Cir. 1988).

On July 21, 2006, the day before Plaintiff's arrival at the Collier County Jail, Plaintiff's defense counsel wrote a letter addressed to Defendant Bastys advising him of Plaintiff's pre-operative appointment and scheduled hip replacement surgery. (Doc. #3 at 1.) Defendants refused to allow Plaintiff to attend the medical appointments because the surgery was "elective" and "could wait until [Plaintiff's] release in November." (Doc. #21 at 2.)

The medical records submitted by Defendant PHS indicate that upon initial intake at the Collier County Jail on July 22, 2006, Plaintiff informed medical staff that she has been treated for hip pain and was on prescribed medications for pain. (See Doc. #19-2.) Two days after Plaintiff's arrival at the jail, Plaintiff was provided a low-bunk pass. (Doc. #19 at 18.) On August 2, 2006, the medical department indicated that Plaintiff was "unsuitable to work" on the jail's "Inmate Workforce Medical Screen" form. (Id. at 21.) On August 3, 2006, the jail provided Plaintiff with an additional mattress. (Id. at 20.) An MRI dated August 16, 2006, indicated that Plaintiff's "left hip demonstrates severe abnormal appearance." (Id. at 10.) As a result of the MRI, defendants caused an ultrasound to be performed on September 19, 2006, which revealed a pelvic cyst. The jail physicians opine that the hip surgery could safely wait until after plaintiff's November 6, 2006 release. The prescription medication was prescribed for pain management, and the jail physicians maintain that plaintiff's pain

is being adequately managed by alternative, non-prescription pain medication.

After reviewing the medical records submitted by all parties, the Court cannot say that plaintiff has shown a substantial likelihood of success on the merits.  The record reflects that defendants have not been indifferent to plaintiff's condition, but that there is simply a difference in medical opinion as to the timing of the required surgery and the need for prescription pain medication.  A difference in medical opinion will seldom rise to the level of a constitutional violation, and on this record does not do so in this case.  Having found plaintiff has failed to satisfy the first requirement for a preliminary injunction, the Court need not consider the other factors.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for a Preliminary Injunction (Doc. #3) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __30th__ day of October, 2006.

JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record