UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA FARRELL,

        Plaintiff,

vs.                                  Case No.   2:06-cv-454-FtM-99SPC

DON HUNTER; JOSEPH BASTYS; PRISON
HEALTH SERVICES, INC.,

        Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of Defendants' Joint Motion to Dismiss (Doc. #33), filed on November 17, 2006. In response, on November 21, 2006, Plaintiff filed a Motion to Amend, which the Court denied. (Doc. #37).

On September 5, 2006, Plaintiff, while incarcerated at the Collier County Jail, filed a "Complaint for injunctive relief pursuant to 42 U.S.C. § 1983" (Doc. #1). The Complaint alleged that the named defendants violated Plaintiff's Eighth Amendment rights by not permitting Plaintiff to attend a scheduled hip replacement surgery and by not providing Plaintiff with previously prescribed pain medication for her hip. As relief, Plaintiff only requests injunctive relief (Doc. #1 at 1, 6).[1] In the motion *sub judice*, Defendants argue that

---

[1]Plaintiff filed a Motion to Amend (Doc. #37), which the Court denied under the futility exception to Fed. R. Civ. P. 15. The Court reasoned that permitting Plaintiff to amend the Complaint to include damages would be futile considering that at the time Plaintiff filed the Complaint she was incarcerated, but she did not exhaust her available administrative remedies pursuant to the

(continued...)

the Court should dismiss Plaintiff's Complaint as moot because Plaintiff has been released from the Collier County Jail. (Doc. #33 at 2.)

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S.C.A. Const. Art. III. Mootness can occur due to a change in circumstances or a change in law. Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320 (11th Cir. 2004). A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d 1276 (11th Cir. 2004); Christian Coalition of Ala. v. Cole, 355 F. 3d 1288 (11th Cir. 2004); Crown Media LLC v. Gwinnett County, GA, 380 F.3d 1317 (11th Cir. 2004). Dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits would be an impermissible advisory opinion." Troiano, 382 F.3d at 1282 (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). As noted by the Supreme Court, "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Arizonans for Official

---

[1](...continued)
Prison Litigation Reform Act. The Court further noted that the exhaustion requirement does not apply when a civil rights Complaint is filed after a prisoner is released from jail.

English v. Arizona, 520 U.S. 43, 68 (1997) (citations omitted). The Eleventh Circuit Court of Appeals has held that any claims concerning the conditions of an inmate's confinement made by an inmate requesting injunctive relief become moot once the prisoner is transferred to another facility. Spears v. Thigpen, 846 F.2d 1327 (11th Cir. 1988), cert. denied, 488 U.S. 1046 (1989). See also Green v. Branson, 108 F.3d 1296 (10th Cir. 1997); Daring v. Cancel, 783 F.2d 874 (9th Cir. 1986); Stewart v. McGinnis, 800 F. Supp. 604 (N.D. Ill. 1992), aff'd, 5 F.3d 1031 (7th Cir. 1993).

A very narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review." De La Teja v. United States, 321 F.3d 1357 (11th Cir. 2003); Brooks v. Georgia State Bd. Of Elections, 59 F.3d 1114 (11th Cir. 1995). Two conditions must be met to invoke this doctrine: 1) the challenged action must be of a short duration to be fully litigated; and 2) there exists a reasonable expectation that the **same complaining party would be subjected to the same action again**. Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added). A "remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Soliman v. United States ex. rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002)(quotations omitted).

It is undisputed that Plaintiff is no longer confined in the Collier County Jail. Thus, the various forms of injunctive relief requested by Plaintiff would be meaningless at this time. The Court finds that Plaintiff's release from the Collier County Jail moots Plaintiff's claims for injunctive relief; and thus, Plaintiff lacks standing to proceed with her claim before this Court. <u>Koziara v. City of Casselberry</u>, 392 F.3d 1302 (11th Cir. 2004).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Joint Motion to Dismiss (Doc. #33) is **GRANTED** and plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any outstanding motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __8th__ day of December, 2006.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record